UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                              )
IN RE:                        )
                              )   Case No's.  05-11708-RGS
ONTOS, INC.,                  )              05-11710-RGS
                              )
            Debtor.           )
_____)

# Joint Motion of Appellants for Stay Pending Appeal

JOINT MOTION OF APPELLANTS T. MARK MORLEY AND THOMAS J. MCCOY FOR STAY PENDING APPEAL OF ORDERS DATED FEBRURY 3 AND 6, 2006 DENYING THE RELIEF REQUESTED IN THE APPEALS TO THE DISTRICT COURT OF  MORLEY AND MCCOY DISMISSING THE CASES AND AFFIRMING THE DENIAL OF OBJECTION TO THE MOTION BY THE TRUSTEE FOR APPROVAL OF STIPULATION; THE DENIAL OF THE RELIEF REQUESTED IN MORLEY MOTION TO PROCEED AND APPROVING THE MOTION BY THE TRUSTEE FOR APPROVAL OF STIPULATION BY AND BETWEEN THE TRUSTEE AND VENNWORKS, LLC., AMPHION VENTURES, FIRESTAR SOFTWARE, INC., ROBERT J. BERTOLDI, RICHARD C.E. MORGAN AND KENNETH LORD

<u>Bankruptcy Case</u>
**United States Bankruptcy Court**
**District of Massachusetts**
**Chapter 7**
**Case No. 04-10157**

<u>Massachusetts State Court Case</u>
**Massachusetts Superior Court**
**Essex County**
**Case No. 02-1161-B**

1

Creditors in the above captioned cases, T. Mark Morley, and Thomas J. McCoy hereby file this Joint Motion for Stay Pending Appeal of the Orders dated February 3 and 6, 2006 covering the above captioned Appeals including the Motion By The Trustee For Approval Of Stipulation By and Between The Trustee And VennWorks, LLC, Amphion Ventures, Firestar Software, Inc, Robert J. Bertoldi, Richard C.E. Morgan and Kenneth Lord filed on March 11, 2005.

## JURISDICTION IN RESPECT TO THIS MOTION

Federal district courts have jurisdiction over bankruptcy cases under 28 U.S.C. 1334 and the authority to hear appeals under 28 U.S.C. 158.

Rule 8 of the Federal Rules of Appellate Procedure provides that a motion for a stay must ordinarily be made in the district court.

## ISSUES UPON APPEAL

### Each as individually captioned and argued in Appellants' Brief and Reply Brief

1. Bankruptcy Court jurisdiction of creditor causes of action

2. Validity of Non-debtor third party releases

3. Trustee's non-succession to <u>general and personal</u> creditor causes of action.

4. Trustee's non-succession to Massachusetts state cause of action for fraudulent conveyance.

5. Trustee's non-succession to Massachusetts state cause of action for alter ego, and that alter ego and fraudulent conveyance are different causes of action under Massachusetts law.

6. Trustee's non-succession to Massachusetts state cause of action for breach of fiduciary duty to the creditors

7. Trustee's non-succession to Massachusetts state cause of action for successor liability, and that successor liability and fraudulent conveyance are different causes of action under Massachusetts law.

8. Trustee's non-succession to Massachusetts state cause of action for fraud and deceit.

9. That creditor causes of action are themselves not property of the estate.

## Relief Requested

Appellants request that the court issue a Stay Pending Appeal of the Orders dated February 3 and 6, 2006 described herein above.

Respectfully Submitted

/s/ T. Mark Morley

T. Mark Morley,
Massachusetts BBO#355320
Federal First Circuit Bar # 110678
30 Deerpath Road
Dedham, Massachusetts 02026

Attorney for Appellants
T. MARK MORLEY
THOMAS J. MCCOY

**Certification under Local Rule 7.1 9(a) (2)**

**I certify that I have conferred with the attorneys of record for the Appellees and have attempted in good faith to resolve or narrow the issues**

**/s/ T. Mark Morley**

**Certificate of Service**
**I hereby certify that a true copy of the above document and attached Memorandum was served upon the attorney of record for each party by mail on March 4, 2006**

**/s/ T. Mark Morley**

## **MEMORANDUM OF REASONS IN SUPPORT OF MOTION TO STAY PENDING APPEAL IN CASES 05-11708-RGS AND 05- 11710-RGS PUSUANT TO MASSACHUSETTS DISTRICT COURT LOCAL RULE 7.1(b)(1)**

**A. There is substantial support for the Appellants' position**

There is very substantial support for the Appellants' position contained in the Appellants' Brief and in the Appellants' Reply Brief in respect to each of the Issues enumerated in the Motion. Additionally, there is substantial diversity of opinion on the correct interpretation of the law in respect to the Issues as illustrated by the cases cited in the Appellants' Brief, the Appellees' Brief and in the Appellants' Reply Brief.

**B. The incorrect standard of review was applied in the Order**

The fundamental issues raised and as individually captioned in the Appellants' Brief and as clarified in the Appellants' Reply Brief (page 6) and as stated in the Motion, are issues of law and not issues of fact. As further clarified in Oral Argument by the Appellants, whether Judge Hillman properly exercised his discretion in respect to the debtor's claims and the trustee's powers was no longer contended by the Appellants, but rather that through an incorrect interpretation of the law, and/or

exceeding the authority of the Bankruptcy Court, Judge Hillman had attempted to extinguish the Appellant's separate claims.

### C. Massachusetts Law was incorrectly interpreted

The statement in footnote 6 of the Order is incorrect because if something is true, then it is true all the time. Claims for successor liability and alter ego may be proven absent any fraudulent conveyance. An action for fraudulent conveyance under M.G.L. c 109a may be brought without, either, all of the elements of alter ego (as stated in <u>My Bread Baking Co. v.. Cumberland Farms, Inc.</u>, 353 Mass. 614, 620, 233 N.E. 2d 748 (1968)), or all of the elements of successor liability (as stated in <u>Milliken & Company v. Duro Textiles,</u> 19 Mass. L. Rptr. No. 22, 509 (MA 6/14/2005), 19 Mass. L. Rptr. No. 22, 509 (MA, 2005)) present. Further, the remedies under Massachusetts law for fraudulent conveyance are different from the remedies for alter ego or successor liability. As described in the Appellants' Brief, claims for successor liability and alter ego <u>each</u> have different requirements that are also different from the requirement for proof of a claim for fraudulent conveyance under the law of Massachusetts. Any of the three claims may be proven separately in Massachusetts.

**D. The Appellant will suffer irreparable injury if the stay is denied.**

If the Stay is not granted the appeal may be dismissed as moot in the event that the Appellees complete the actions contemplated in the Stipulation. For example, courts have dismissed on mootness grounds appeals from confirmation orders, orders to sell or use property of the estate pursuant to section 363 of the bankruptcy code and orders to obtain post petition financing or credit pursuant to section 364 of the Bankruptcy Code. See e.g. §§ 363(m) and 364(e) of the Bankruptcy code and <u>In re U.S. Airways Group, Inc.</u>, 369 F.3d 806 (4th Cir. 2004): <u>In re Adamson Co.</u>, 159 F. 3d 896 (4th Cir. 1998): <u>Willemain v. Kivitz</u>, 764 F.2d 1019 (4th cir.1985).

**E. Other parties will not be substantially harmed by the stay**

The trustee seeks to waive the rights of the estate for $50,000 <u>and the Appellants' rights</u>. This amount will, to the best of the Appellants' knowledge and belief, likely be paid out to a great extent to the trustee himself and his law firm. A small amount (approximately $6,000) may be then paid to the IRS, and a final modest amount distributed to over 15 creditors.

**F. The public interest will be served by the granting of the stay.**

The solvent non-debtor third party Appelees have here tried to hide behind the Bankruptcy Code and frustrate the valid state Creditor Causes of Action. This bankruptcy was not filed until the Massachusetts discovery master issued an order requiring that they produce responsive documents within 10 days. The court should send the message that; those who will hide behind thinly capitalized corporations, play shell games with the corporations, engage in insider transactions and think that they will only have to deal with overworked, and underpaid trustees, that Congress has spoken. There is no discharge, and there is no adjudication in bankruptcy of stand-a-lone state law based creditors causes of action against solvent third parties.