UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re: |  )  |  |
|  |  )  | Case Nos.    05-11708 (RGS) |
| ONTOS, INC., |  )  |              05-11710 (RGS) |
|  |  )  |  |
| Debtor. |  )  |  |
|  |  )  |  |

**JOINT RESPONSE TO JOINT MOTION
OF APPELLANTS FOR STAY PENDING APPEAL**

Vennworks, LLC ("Vennworks"), Amphion Ventures LP ("Amphion"), Firestar Software, Inc. ("Firestar"), Robert J. Bertoldi ("Bertoldi"), Richard C.E. Morgan ("Morgan"), Kenneth Lord ("Lord," and, collectively with Vennworks, Amphion, Firestar, Bertoldi, and Morgan, the "Settling Parties") and Joseph G. Butler, the duly-appointed and acting Chapter 7 trustee (the "Trustee") of the estate of Ontos, Inc. (the "Debtor"), by and through their undersigned counsel, file this response (the "Response") to (a) the *Joint Motion of Appellants T. Mark Morley and Thomas J. McCoy for Stay Pending Appeal of Orders Dated February 3 and 6, 2006 Denying the Relief Requested in the Appeals to the District Court of Morley and McCoy Dismissing the Cases and Affirming the Denial of Objection to the Motion by the Trustee fro Approval of Stipulation; the Denial of the Relief Requested in the Morley Motion to Proceed and Approving the Motion by the Trustee for Approval of Stipulation by and between the Trustee and Vennworks, LLC, Amphion Ventures, Firestar Software, Inc., Robert J. Bertoldi, Richard C.E. Morgan and Kenneth Lord*, filed March 3, 2006 by each of Morley and McCoy in their respective cases (collectively, the "Motion for Stay"). In support of this Response, the Settling Parties and the Trustee respectfully state as follows:

## Background

1.	On March 11, 2005, the Trustee filed his *Motion by Chapter 7 Trustee for Approval of Stipulation by and between the Trustee and Vennworks, LLC, Amphion Ventures, LP, Firestar Software, Inc., Robert J. Bertoldi, Richard E. Morgan and Kenneth Lord* (the "Motion to Approve").  The Motion to Approve sought an order from the Bankruptcy Court approving a settlement between the Trustee and the Settling Parties of claims originally asserted by T. Mark Morley ("Morley") and Thomas J. McCoy ("McCoy") in state court but that constituted property of the estate under section 541(a) of the Bankruptcy Code or otherwise could have been asserted by the Trustee for the benefit of the Debtor's creditors generally (including Morley and McCoy).  The claims that the Trustee sought authority from the Bankruptcy Court to compromise included claims for fraudulent transfer, alter ego, successor liability[1] and breach of fiduciary duty.  Each of these claims derived from an alleged fraudulent transfer of ObjectSpark, one of the Debtor's proprietary software programs being developed at the time, to Firestar.

2.	On May 24, 2005, Morley and McCoy filed their *Objection to the Motion by the Trustee for Approval of Stipulation* (the "Objection").  Shortly thereafter, on May 26, 2005, Morley and McCoy filed their *Motion for an Order Authorizing Them to Proceed Against Debtor's Solvent Co-Defendants* (the "Motion to Proceed").

3.	On June 20, 2005, each of the Trustee and the Settling Parties filed a response to the Objection and the Motion to Proceed.

---

[1]  At no time did Morley and McCoy bring an action against the Settling Parties that included a count for successor liability.  Instead, Morley and McCoy asserted in their opposition to the Motion to Approve that the stipulation fell below the reasonableness standard because the Trustee was foregoing pursuit of the Settling Parties under a successor liability theory.  *See* Objection, at 21.

2

4.      After notice and a hearing conducted on June 29, 2005, with respect to the Trustee's Motion to Approve and Morley and McCoy's Motion to Proceed, the Bankruptcy Court entered an order granting the relief requested in the Motion to Approve, overruling the Objection, and denying the relief requested in the Motion to Proceed (collectively, the "Order").

5.      On July 11, 2005, Morley filed a motion to withdraw counsel in order to represent himself with respect to future litigation in this case. On the same date, Morley filed with the Bankruptcy Court a notice of appeal, an election to have the appeal heard before this Court, and a similar motion for stay pending appeal to this Court. On July 20, 2005, the Trustee and the Settling Parties filed a joint opposition to motion for stay. On August 11, 2005, the Bankruptcy Court denied the motion for stay. After the appeal was fully briefed, on February 1, 2006, this Court heard oral arguments.

6.      On February 3, 2006, this Court entered an Order affirming the Bankruptcy Court orders that approved the stipulation of settlement and release and denied Morley and McCoy's cross-motion to prosecute the released claims in the state-court action.

7.      As expressly stated in paragraph 4 to the Stipulation between the Settling Parties and the Chapter 7 Trustee:

> This Stipulation shall, on and after the date that an order by the United States Bankruptcy Court for the District of Massachusetts approving the stipulation becomes a <u>final order</u>, be binding upon and shall inure to the benefit of the parties hereto, and their respective heirs, successors and assigns, including without limitation any successor Chapter 7 Trustee and all creditors of the Debtor and the chapter 7 estate who receive notice.

Stipulation, at ¶ 4 (emphasis added). The Stipulation does not become binding until the Bankruptcy Court's order approving the same becomes a "final order." Because Morley and McCoy have each filed an appeal of this Court's Order, the Bankruptcy Court's order approving the Stipulation has not become a "final order," and the parties to the Stipulation do not intend to

consummate the Stipulation until it becomes a "final order."  Accordingly, the stay relief sought by the motion is unnecessary.

**WHEREFORE**, the Settling Parties and the Trustee respectfully request that the Court enter an Order:  (a) denying the request for a stay pending appeal; and (b) granting to the Settling Parties and the Trustee such other and further relief as may be just and proper in the circumstances.

Dated: March 17, 2006

/s/ Christian J. Urbano
Harold B. Murphy (BBO #326610)
Christian J. Urbano (BBO #644471)
HANIFY & KING
Professional Corporation
One Beacon Street
Boston, MA  02108
Tel:   (617) 423-0400
Fax:   (617) 556-8985
Email: cju@hanify.com

Counsel to Firestar Software, Inc.
and Kenneth Lord

-and-

Eric P. Heichel, Esq.
Eiseman Levine Lehrhaupt &
 Kakoyiannis, P.C.
845 Third Avenue
New York, NY  10022
Tel:   (212) 752-1000
Fax:   (212) 355-4608
Email: eheichel@ellklaw.com

Counsel to Firestar Software, Inc., Kenneth Lord, Vennworks, LLC, Amphion Ventures LP, Robert J. Bertoldi, and Richard C.E. Morgan

- and -

447656-v1

        /s/ Joseph G. Butler
Joseph G. Butler (BBO #544284)
BARRON & STADFELD, PC
100 Cambridge Street, Suite 1310
Boston, MA  02114
Tel:    (617) 723-9800
Fax:    (617) 523-8359
Email: jgb@barronstad.com

As Chapter 7 Trustee of the Estate of Ontos, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>ONTOS, INC.,<br><br>           Debtor. | Case Nos.    05-11708 (RGS)<br>                  05-11710 (RGS) |

**CERTIFICATE OF SERVICE**

    I, Christian J. Urbano, hereby certify that on March 17, 2006, I caused a copy of the JOINT RESPONSE TO JOINT MOTION OF APPELLANTS FOR STAY PENDING APPEAL to be served by this Court's ECF System upon T. Mark Morley, Esq. 30 Deerpath Road Dedham, MA 02026 (*Pro se* and counsel to Thomas McCoy).

Dated: March 17, 2006

/s/ Christian J. Urbano
Harold B. Murphy (BBO #326610)
Christian J. Urbano (BBO #644471)
HANIFY & KING
Professional Corporation
One Beacon Street
Boston, MA 02108
Tel:   (617) 423-0400
Fax:   (617) 556-8985
Email: cju@hanify.com